JS 44 (Rev. 09/11)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
JERRAINE CODRINGTON,

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
THE ORLOW FIRM
71-18 Main Street, Flushing, NY 11367

## DEFENDANTS
THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT and POLICE OFFICERS SIGMON #26590 MEEHAN #25688 and ROGERS #28421,

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| | | | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
☐ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district *(specify)*  ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):* 42 U.S.C. 1983
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):* JUDGE _____ DOCKET NUMBER _____

DATE 7/18/12
SIGNATURE OF ATTORNEY OF RECORD /s/

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

## CERTIFICATION OF ARBITRATION ELIGIBILITY

Local Arbitration Rule 83.10 provides that with certain exceptions, actions seeking money damages only in an amount not in excess of $150,000, exclusive of interest and costs, are eligible for compulsory arbitration. The amount of damages is presumed to be below the threshold amount unless a certification to the contrary is filed.

I, _Adam Orlow_, counsel for _Jerraine Codrington_ do hereby certify that the above captioned civil action is ineligible for compulsory arbitration for the following reason(s):

☒ monetary damages sought are in excess of $150,000, exclusive of interest and costs,

☐ the complaint seeks injunctive relief,

☐ the matter is otherwise ineligible for the following reason

## DISCLOSURE STATEMENT - FEDERAL RULES CIVIL PROCEDURE 7.1

Identify any parent corporation and any publicly held corporation that owns 10% or more or its stocks:

## RELATED CASE STATEMENT (Section VIII on the Front of this Form)

Please list all cases that are arguably related pursuant to Division of Business Rule 50.3.1 in Section VIII on the front of this form. Rule 50.3.1 (a) provides that "A civil case is "related" to another civil case for purposes of this guideline when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge." Rule 50.3.1 (b) provides that " A civil case shall not be deemed "related" to another civil case merely because the civil case: (A) involves identical legal issues, or (B) involves the same parties." Rule 50.3.1 (c) further provides that "Presumptively, and subject to the power of a judge to determine otherwise pursuant to paragraph (d), civil cases shall not be deemed to be "related" unless both cases are still pending before the court."

## NY-E DIVISION OF BUSINESS RULE 50.1(d)(2)

1.) Is the civil action being filed in the Eastern District removed from a New York State Court located in Nassau or Suffolk County: _No_

2.) If you answered "no" above:
a) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in Nassau or Suffolk County? _No_

b) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in the Eastern District? _Yes_

If your answer to question 2 (b) is "No," does the defendant (or a majority of the defendants, if there is more than one) reside in Nassau or Suffolk County, or, in an interpleader action, does the claimant (or a majority of the claimants, if there is more than one) reside in Nassau or Suffolk County?_____
(Note: A corporation shall be considered a resident of the County in which it has the most significant contacts).

## BAR ADMISSION

I am currently admitted in the Eastern District of New York and currently a member in good standing of the bar of this court.
☒ Yes ☐ No

Are you currently the subject of any disciplinary action (s) in this or any other state or federal court?
☐ Yes (If yes, please explain) ☒ No

I certify the accuracy of all information provided above.

Signature: _____

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of New York

JERRAINE CODRINGTON,

)
Plaintiff )
)
v. ) Civil Action No.
THE CITY OF NEW YORK, NEW YORK CITY POLICE )
DEPARTMENT and POLICE OFFICERS SIGMON #26590, )
MEEHAN #25688 and ROGERS #28421, )
Defendant )

## AMENDED SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  THE CITY OF NEW YORK   NEW YORK CITY POLICE DEPARTMENT
100 Church Street           1 Police Plaza
New York, NY 10007          New York, NY 10001

POLICE OFFICER SIGMON #26590,
9208 222nd Street,         POLICE OFFICER MEEHAN #25688
Jamaica, NY 11428          9208 222nd Street,          POLICE OFFICER ROGERS #28421
                           Jamaica, NY 11428               9208 222nd Street,
                                                           Jamaica, NY 11428

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   THE ORLOW FIRM
71-18 Main Street
Flushing, NY 11367

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____
                                            _____
                                            *Signature of Clerk or Deputy Clerk*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JERRAINE CODRINGTON,

                     Plaintiff,
- against-

THE CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT and POLICE OFFICERS SIGMON #26590,
MEEHAN #25688, and ROGERS #28421,

                     Defendants.
-----------------------------------------------------------------X

12 CV 1650

CIVIL ACTION

**AMENDED COMPLAINT**

**JURY DEMAND**

The Plaintiff, complaining of the Defendants, by his attorneys, THE ORLOW FIRM, respectfully shows to this Court and alleges:

## JURISDICTION

FIRST: That Jurisdiction is founded upon the existence of a Federal Question.

SECOND: That this is an action to redress the deprivation under color of statute, ordinance, regulation, custom or usage, of a right, privilege, and immunity secured to plaintiff by the Fourth and Fourteenth Amendments to the Constitution of the United States (42 U.S.C. § 1983) and arising under the law and statutes of the State of New York.

THIRD: Jurisdiction is founded upon U.S.C. § 1343(3) and (4), this being an action authorized by law to redress the deprivation under color of law, statute, ordinance, regulation, custom and usage, of a right, privilege, and immunity secured to a plaintiffs by the Fourth and Fourteenth Amendments to the Constitution of the United States.

## PARTIES

FOURTH: That the plaintiff is a Citizen of the United States and a resident of the City of New York, County of the New York, State of New York.

FIFTH: Upon information and belief, that at all times hereinafter mentioned, the defendant, THE CITY OF NEW YORK, was and still is a municipal corporation duly organized and existing under and by virtue of the laws of The State of New York.

SIXTH: Upon information and belief, that at all times hereinafter mentioned, the defendant, THE CITY OF NEW YORK, its agents, servants and employees, operated, maintained and controlled the

Police Department of The City of New York, including all the police officers thereof.

SEVENTH: Upon information and belief, that at all times hereinafter mentioned, and on or prior to October 26th, 2010, POLICE OFFICERS SIGMON #26590, MEEHAN #25688, and ROGERS #28421, were employed by defendant, NEW YORK CITY POLICE DEPARTMENT, as police officers.

EIGHTH: This action arises under the United States Constitution, particularly under provisions of the Fourth and Fourteenth Amendments to the Constitution of the United States, and under federal law, particularly the Civil Rights Act, Title 42 of the United States Code, Section 1983 and the rights under the Constitution and laws of the State of New York.

NINTH: Each and all of the acts of the defendants alleged herein were done by the defendants, their agents, servants and employees, and each of them, not as individuals, but under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of New York, the City of New York and the County of Queens, and under the authority of their office as police officers of said state, city and county.

### PLAINTIFF'S CAUSE OF ACTION PURSUANT TO 42 U.S.C. § 1983 AGAINST THE CITY OF NEW YORK AND THE INDIVIDUAL POLICE OFFICERS

TENTH: Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked FIRST through NINTH with the same force and effect as if more fully and at length set forth herein.

ELEVENTH: That on or about the 26 day of October, 2011, at approximately 11:00 A.M., plaintiff, JERRAINE CODRINGTON, was lawfully and properly at or in front of the location known and designated in front of 143-08 248th Street, in the County of Queens, City and State of New York, at which time and place defendants, POLICE OFFICERS SIGMON #26590, MEEHAN #25688, and ROGERS #28421, then and there was at as part of their regular and official employment as a police officers for the defendants, THE CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT.

TWELVETH: As plaintiff, JERRAINE CODRINGTON, was lawfully and properly thereat, the aforementioned POLICE OFFICERS SIGMON #26590, MEEHAN #25688, and ROGERS #28421, who having the real and apparent ability to cause imminent harmful and offensive bodily contact and the power and authority to arrest and imprison the plaintiff did so threaten these acts upon the plaintiff, who, after continuing his lawful activity, was violently struck by the defendants, POLICE OFFICERS SIGMON #26590, MEEHAN #25688, and ROGERS #28421, on the aforementioned date, time and place.

THIRTEEN: Defendant used such force with the intent to inflict unnecessary harm on the plaintiff,

JERRAINE CODRINGTON, and such use of force did cause physical and mental injuries to plaintiff and deprived him of his rights and liberties as set forth in the Constitutions of the United States and of the State of New York.

FOURTEENTH: The defendants, POLICE OFFICERS SIGMON #26590, MEEHAN #25688, and ROGERS #28421, caused an assault and battery when they, in a hostile and/or offensive manner, threatened, touched and beat the plaintiff, JERRAINE CODRINGTON, without his consent and with the intention of causing harmful and/or offensive bodily contact to the plaintiff, and did arrest plaintiff, all without warrant, probable cause or any lawful cause whatever.

FIFTEENTH: The defendant, the City of New York, it's agents, servants and employees failed to adequately and properly hire, retain, train, supervise, discipline or in any other way control the behavior and performance of the defendants, their agents, servants and employees and in their hiring practices in the exercise of their police functions and, their failure to enforce the laws of the State and City of New York is evidence of the reckless lack of cautious regard for the rights of the public including plaintiff and exhibited a lack of that degree of due care which prudent and reasonable individuals would show in executing the duties of the defendants.

SIXTEENTH: The failure of the defendant, their agents, servants and employees to hire, train, supervise, discipline or in any other way control the defendants, in the exercise of their functions and their failure to enforce the laws of the State of New York and the City of New York was and is carried out wilfully, wantonly, maliciously and with such reckless disregard for the consequences as to display a conscious disregard for the dangers of harm and injury to the citizens of the State and City of New York, including plaintiff.

SEVENTEENTH: Due to the acts of the defendants, their agents, servants and employees herein, the failure of the City of New York to discipline and properly hire the defendants and the continued employment of the defendants presented a clear and present danger to the citizens of the City and State of New York.

EIGHTEENTH: That the defendants, their agents, servants and employees permitted the use of policies, written or otherwise, that were violative of the constitutional rights of the above named plaintiff; and, in that each and all of the acts of the defendants, their agents, servants and employees alleged herein were done not as individuals but under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of New York, the City of New York and the County of New York, and under the authority of their office as police officers for said city and county.

NINETEENTH: Plaintiff, JERRAINE CODRINGTON, did not commit any crime, either before or at the time he was viciously assaulted and battered and deprived of his constitutional rights as set forth in the Constitution of the United States, particularly 42 U.S.C. § 1983 and the Constitution of the State of New York.

TWENTY: That at all times hereinafter mentioned, the defendants, POLICE OFFICERS SIGMON #26590, MEEHAN #25688, and ROGERS #28421, were employed in their capacity by the defendant THE CITY OF NEW YORK and were acting under the color of their official capacity and their acts were performed under the color of the policies, statutes, ordinances, rules and regulations of the City

of New York

TWENTY-FIRST: That at all times hereinafter mentioned, defendants, POLICE OFFICERS SIGMON #26590, MEEHAN #25688, and ROGERS #28421, were acting pursuant to order directives from defendants, THE CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT.

TWENTY-SECOND: That during all times hereinafter mentioned, the defendant police officers, acted under color and pretense of law, to wit: under color of the statutes, ordinances, regulations, customs and usages of the City of New York and the defendants here, engaged in the illegal conduct here mentioned to the injury of the plaintiff, JERRAINE CODRINGTON, and deprived plaintiff of the rights, privileges and immunities secured to plaintiff by the Fourth and Fourteenth Amendments to the Constitution of the United States and the laws of the United States.

TWENTY-THIRD: The Police Officers of the defendant THE CITY OF NEW YORK and its individual members who are agents, servants and employees of defendants, together with persons unknown to plaintiffs, acting under color of law, have subjected plaintiff, JERRAINE CODRINGTON, and other persons to a pattern of conduct consisting of illegal harassment, intimidation, assault and battery, false imprisonments and arrests at the time said persons are lawfully and properly on the public sidewalks in the County of Queens, City and State of New York, in denial of rights, privileges and immunities guaranteed plaintiff, JERRAINE CODRINGTON, and other citizens by the Constitution of the United States.

TWENTY-FOURTH: This systematic pattern of conduct consists of a large number of individual acts of violence and intimidation, visited on plaintiff, JERRAINE CODRINGTON, and other citizens by members of the police department of defendant THE CITY OF NEW YORK, acting in concert with persons unknown to plaintiff and under color of law and said acts, while carried out under color of law, have no justification or excuse in law and are instead illegal, improper and unrelated to any activity in which police officers may appropriately and legally engage in the course of protecting persons or property or ensuring order.

TWENTY-FIFTH: Although defendants knew or should have known of the fact that this pattern of conduct was carried out by their agents, servants and employees, the defendant THE CITY OF NEW YORK did not take any steps or make any efforts to halt this course of conduct, to make redress to the plaintiff or other citizens injured thereby, or to take any disciplinary action whatever against any of their employees or agents.

TWENTY-SIXTH: The unlawful and illegal conduct of the defendants, their agents, servants and employees and each of them, deprived Plaintiffs of the following rights, privileges and immunities secured to them by the Constitution of the United States and of the State of New York:

    a) The right of Plaintiff to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments to the Constitution of the United States; and,

    b) The right of Plaintiff to be informed of the nature and cause of the accusation against them as secured to him under the Sixth and Fourteenth Amendments of the Constitution of the United States; and,

    c) The right of Plaintiff not to be deprived of life, liberty or property without due process of law, and the right to the equal protection of the laws secured by the Fourteenth Amendment to the Constitution of the United States.

TWENTY-SEVENTH: That by reason of the aforesaid violations, including harassment, intimidation, assault and battery caused by the defendants, their agents, servants and employees who conspired together to enter into a nefarious scheme to wrongfully deprive the plaintiff and compel him to abandon his rights and privileges as provided to him in the Constitution of the United States of America, and provided in the Constitution of the State of New York, and laws thereto, the defendants, their agents, servants and employees violated 42 U.S.C. § 1983, in that the defendants, their agents, servants and employees acted as persons who under color of any statute, ordinance, regulation, custom or usage of the City of New York, subjected or caused to be subjected, citizens of the United States or other persons within their jurisdiction, particularly the Plaintiff, JERRAINE CODRINGTON, thereof to be deprived of their rights, privileges or immunities received by the Constitution and laws of the United States of America and of the State of New York; Plaintiff was subjected to great indignities and humiliation, and pain and distress of mind and body and was held up to scorn and ridicule, injured in his character and reputation, was prevented from attending his usual business and vocation and was injured in his reputation in the community and the acts aforementioned were committed with the aim of injuring and damaging plaintiff.

TWENTY-EIGHTH: That by reason of the aforesaid intentional, harassment, intimidation, assault and battery and deprivation of plaintiff's rights and liberties as guaranteed by the aforementioned constitutions, by the defendants, their agents, servants and employees, acting within the scope of their authority, and without any probable or reasonable cause, the Plaintiff, JERRAINE CODRINGTON, suffered great bodily injury in and about his head, neck, back, body and limbs and was rendered sick, sore, lame and disabled, and among other things, he suffered conscious pain and suffering, and that he was otherwise damaged.

TWENTY- NINTH: That as a result of the foregoing violations of Plaintiff's constitutional rights, Plaintiff, JERRAINE CODRINGTON, has been damaged in the sum of $5,000,000.00.

## PLAINTIFF'S SECOND CAUSE OF ACTION
## FOR NEGLIGENCE AGAINST THE CITY OF NEW YORK
## AND NEW YORK CITY POLICE DEPARTMENT

THIRTY: Plaintiff repeats, reiterates and realleges each and every allegation contained in the foregoing paragraphs of this complaint with the same force and effect as if more fully and at length set forth herein.

THIRTY- FIRST: That the Defendants, THE CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT, their agents, servants and/or employees, disregarded their duty to protect the Plaintiff, JERRAINE CODRINGTON, and failed to prevent the aforesaid Officer from utilizing a form of cruel and unusual punishment on the aforesaid Plaintiff by threatening, assaulting and attacking the Plaintiff, and inflicting serious injuries upon the Plaintiff, and took no action to stop these unlawful acts.

THIRTY-SECOND: Upon information and belief, that at the time and place aforesaid, the Defendants, had actual knowledge and notice of the vicious and dangerous propensities of the Officer who attacked the Plaintiff, JERRAINE CODRINGTON, or the same had existed for sufficient length of time prior to the occurrence herein alleged that the Defendant could and should have had such knowledge and notice.

THIRTY-THIRD: The aforesaid occurrence was caused, concomitantly, with the willful and intentional and/or negligent acts of the aforesaid agent, servant and/or employee of the Defendants, THE CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT, as aforementioned, in that upon information and belief, the Defendants, THE CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT, or its agents, knew or should have known, prior to, at, and subsequent to the time when it employed and engaged said employees to wit DefendantsPOLICE OFFICERS SIGMON #26590, MEEHAN #25688, and ROGERS #28421, that they were persons of mean and vicious temperament, had previously committed assaults and batteries upon other persons without just cause or provocation, and was known by general reputation to be bellicose; or its agents failed and neglected to make any, or appropriate, inquiries with respect to the character, temperament and temper of the aforesaid officer, prior to, at, or subsequent to the time it employed and engaged said agent, servant and/or employee.

THIRTY-FOURTH: That by reason of the aforesaid, the Defendants THE CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT were negligent in hiring and retaining defendantsPOLICE OFFICERS SIGMON #26590, MEEHAN #25688, and ROGERS #28421.

THIRTY-FIFTH: That solely and wholly as a result of the negligence of the Defendants as aforesaid, Plaintiff, JERRAINE CODRINGTON, suffered severe and serious injuries and Plaintiff has been informed and believes that he will continue to suffer therefrom for an indefinite time in the future and that some of said injuries are permanent in nature.

THIRTY-SIXTH: That by reason of the negligence of the Defendants as aforesaid, the Plaintiff, JERRAINE CODRINGTON, has been damaged in the sum of $5,000,000.00 Dollars.

## PLAINTIFF'S THIRD CAUSE OF ACTION
## FOR NEGLIGENCE AGAINST DEFENDANTS
## POLICE OFFICERS SIGMON #26590, MEEHAN #25688, and ROGERS #28421

THIRTY-SEVENTH: Plaintiff repeats, reiterates and realleges each and every allegation contained in the foregoing paragraphs of this complaint with the same force and effect as if set forth fully herein.

THIRTY-EIGHTH: That Defendants,POLICE OFFICERS SIGMON #26590, MEEHAN #25688, and ROGERS #28421, carelessly, negligently and recklessly inflicted the aforesaid injuries upon the Plaintiff, JERRAINE CODRINGTON, and utterly failed to exercise the necessary amount of care and caution which a reasonable person would have exercised to prevent this foreseeable occurrence.

THIRTY-NINTH: The injuries of the Plaintiff, JERRAINE CODRINGTON, were due solely to the aforesaid negligent, careless and reckless conduct on the part of said Defendant officers without any

negligence on the part of the Plaintiff contributing thereto.

FORTY: By virtue of the aforesaid negligence of Defendants, POLICE OFFICERS SIGMON #26590, MEEHAN #25688, and ROGERS #28421, plaintiff suffered severe and serious injuries as aforesaid.

FORTY-FIRST: That as a result of the foregoing Plaintiff, JERRAINE CODRINGTON, has been damaged in the sum of $5,000,000.00.

## PLAINTIFF'S FOURTH CAUSE OF ACTION FOR FALSE ARREST

FORTY-SECOND: That on or about the 26th day of October, 2011, the Defendants wrongfully and falsely accused, arrested and imprisoned the plaintiff, JERRAINE CODRINGTON, of crimes.

FORTY-THIRD: That the said arrest and imprisonment was caused by the Defendants, their agents, servants and employees, without any warrant or other legal process and without authority of the law and without any reasonable cause of belief that the Plaintiff was in fact guilty of such crimes.

FORTY-FOURTH: While the plaintiff was so engaged, as aforesaid, the Defendants, their agents, servants and employees, wrongfully and unlawfully, against the Plaintiff's wish, without probable or reasonable cause, and on the sole charge, then made, that Plaintiff was violating the penal law of the State of New York in, arrested and imprisoned the plaintiff and with full force of arms, forcibly and violently seized, and laid hold of and compelled plaintiff to go with the said defendant police officers to be detained and imprisoned in or near premises known and designated as the 105th precinct located in the County of Queens, City and State of New York and continuing to other divers places and times, including, but not limited to, Central Booking, located in the County of Queens, City and State of New York, where the plaintiff was further detained and imprisoned until charges were dismissed by a Grand Jury.

FORTY- FIFTH: That the Defendants, their agents, servants and employees, acting within the scope of their authority and within the scope of their employment, detained and imprisoned the Plaintiff even though the Defendants, their agents, servants and employees knew, had the opportunity to know, or should have known, that the allegations against the plaintiff were wrongful, unlawful and without a sufficient basis in fact.

FORTY-SIXTH:  That the Plaintiff was wholly innocent of the said criminal charges and did not contribute in any way to the conduct of the Defendants, their agents, servants and employees and was forced by the Defendants to submit to the aforesaid arrest and imprisonment thereto entirely against his will.

FORTY-SEVENTH: That as a result of the aforesaid accusations made by the defendants, their agents, servants and employees acting under their employment and within the scope of their authority, made falsely, publicly, wickedly and maliciously, the plaintiff was compelled to appear before a Judge of the Criminal Court of the City of New York.

FORTY-EIGHTH:  That the defendants, their agents, servants and employees, as set forth on the

aforementioned date, time and place, intended to confine the plaintiff; in that the plaintiff was conscious of the confinement; plaintiff did not consent to the confinement; and the confinement was not otherwise privileged.

FORTY-NINTH: That by reason of the false arrest, imprisonment and detention of the plaintiff, plaintiff was subjected to great indignities, humiliation and ridicule, in being so detained, charged and prosecuted with various crimes, and greatly injured in his credit and circumstances and was then and there prevented and hindered from performing and transacting his necessary affairs and business, and was caused to suffer much pain in both mind and body, the loss of employment and the loss of employment opportunities.

FIFTY: That solely and wholly as a result of the negligence of the Defendants as aforesaid, Plaintiff suffered severe and serious injuries and Plaintiff has been informed and believes that he will continue to suffer therefrom for an indefinite time in the future and that some of said injuries are permanent in nature.

FIFTY-FIRST: That as a result of the foregoing Plaintiff, JERRAINE CODRINGTON, has been damaged in the sum of $5,000,000.00.

## PLAINTIFF'S FIFTH CAUSE OF ACTION FOR MALICIOUS PROSECUTION

FIFTY-SECOND: Plaintiff repeats, reiterates and realleges each and every allegation contained in the foregoing paragraphs of this complaint with the same force and effect as if set forth fully herein.

FIFTY-THIRD: That on or about the 26th day of October, while the plaintiff was lawfully and properly at or in front of 143-08 248th Street, in the County of Queens, City and State of New York, and at subsequent times thereafter, including but not limited to the 105th Precinct, County of Queens, City and State of New York, the defendants, their agents, servants and employees maliciously prosecuted and detained plaintiff, JERRAINE CODRINGTON, without any just right or grounds therefor.

FIFTY-FOURTH: That the plaintiff was and is wholly innocent, and was forced by the defendants to submit to court proceedings.

FIFTY-FIFTH: That on or about the 26th of October 2011, before a Judge of the Criminal Court of the City of New York, the defendants, their agents, servants and employees falsely and maliciously and without probable cause or provocation charged the plaintiff with crimes.

FIFTY-SIXTH: That the Defendant, POLICE OFFICERS SIGMON #26590, MEEHAN #25688, and ROGERS #28421, acting in the performance of their employment and within the scope of their authority, testified falsely and withheld vital information before a Judge of the Criminal Court of the City of New York, in the County of Queens.

FIFTY-SEVENTH: That upon examination, the said charges were falsely and maliciously made. That

on or about December 22, 2011, a Grand Jury in the Criminal Court of the County of Queens, dropped all the charges against the plaintiff of the crimes with which he was charged.

FIFTY-EIGHTH: That the said prosecution and criminal charges and hearings were instituted and procured by the defendants, their agents, servants and employees in this action unlawfully and maliciously and without any reasonable or probable cause whatsoever therefore. That the commencement and/or continuation of the criminal proceedings by the defendants against the plaintiff was without probable cause, with actual malice and was terminated in favor of the plaintiff.

FIFTY-NINTH: That by reason of the aforesaid unlawful and malicious prosecution, the plaintiff was deprived of his liberty, was subjected to great indignity, humiliation, pain and great distress of mind and body and was held up to scorn and ridicule, was injured in his character and reputation, was prevented from attending his usual business and avocation, was injured in his reputation in the community and the said plaintiff has been otherwise damaged.

SIXTY: That by reason of the actions of the Defendants as aforesaid, the Plaintiff has been damaged in the sum of $5,000,000.00.

## PLAINTIFF'S SIXTH CAUSE OF ACTION FOR ASSAULT

SIXTY-FIRST: Plaintiff repeats, reiterates and realleges each and every allegation contained in the foregoing paragraphs of this complaint with the same force and effect as if set forth fully herein.

SIXTY-SECOND: That the defendants, POLICE OFFICERS SIGMON #26590, MEEHAN #25688, and ROGERS #28421, intentionally caused Plaintiff, JERRAINE CODRINGTON, to experience a reasonable apprehension that an immediate harmful and offensive contact would be applied to his person.

SIXTY-THIRD: By virtue of the aforesaid intentional acts of this defendant, the plaintiff, JERRAINE CODRINGTON, suffered severe and serious injuries as aforesaid.

SIXTY-FOURTH: That as a result of the foregoing Plaintiff, JERRAINE CODRINGTON, has been damaged in the sum of $5,000,000.00.

## PLAINTIFF'S SEVENTH CAUSE OF ACTION FOR BATTERY

SIXTY-FIFTH: Plaintiffs repeat, reiterate and reallege each and every allegation contained in the foregoing paragraphs of this complaint with the same force and effect as if set forth fully herein.

SIXTY-SIXTH: That the defendants, POLICE OFFICERS SIGMON #26590, MEEHAN #25688, and ROGERS #28421, intentionally caused a harmful and offensive contact to be applied to the person of the Plaintiff, JERRAINE CODRINGTON.

SIXTY-SEVENTH: By virtue of the aforesaid intentional acts of this defendant, the Plaintiff, JERRAINE CODRINGTON, suffered severe and serious injuries as aforesaid.

SIXTY-EIGHTH: That as a result of the foregoing plaintiff has been damaged in the sum of $5,000,000.00.

SIXTY-NINTH: That heretofore, on January 20, 2012, a Verified Notice of Claim was duly served upon the Defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT.

SEVENTY: That said Notice of Claim was duly served upon the Defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, within ninety (90) days after the causes of action of the Plaintiff(s) accrued.

SEVENTY-FIRST: That more than thirty (30) days have elapsed since the service of said Verified Notice of Claim upon the Defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT.

SEVENTY-SECOND: That the Defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, and its Comptroller have failed, neglected and refused to pay, settle, compromise or adjust the claims of the Plaintiff herein.

SEVENTY-THIRD: That on February 21, 2012, Plaintiff, JERRAINE CODRINGTON, submitted to a inquiry concerning the justness of his claim.

SEVENTY-FOURTH: That this action has been commenced within one (1) year and ninety (90) days after the causes of action of Plaintiff accrued.

SEVENTY-FIFTH: That the Plaintiff has duly complied with all the conditions precedent to the commencement of this action.

SEVENTY-SIXTH: That this action falls within one or more of the exceptions enumerated in Art 16 of the CPLR.

WHEREFORE, by reason of the aforesaid, the Plaintiff requests the following relief:

    a) Compensatory damages in the sum of THIRTY MILLION ($30,000,000.00) DOLLARS;

    b) Punitive damages in the sum of TEN MILLION ($10,000,000.00) DOLLARS;

    c) An award of reasonable attorney's fees, costs and disbursements;

    d) Plaintiff requests a trial by jury of all issues involved in this complaint;

e) Such other and further relief as this Court may deem just, equitable and proper under the circumstances.

Dated: Flushing, New York
July 18, 2012

THE ORLOW FIRM
By: Adam M. Orlow
Attorney for Plaintiff
71-18 Main Street
Flushing, NY 11367
(718)544-4100

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------
JERRAINE CODRINGTON,

               Plaintiff,

- against-


THE CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT, and POLICE OFFICERS SIGMON #26590,
MEEHAN #25688, and ROGERS #28421,


               Defendants.

-------------------------------------------------------------------

## SUMMONS & VERIFIED AMENDED COMPLAINT

-------------------------------------------------------------------

THE ORLOW FIRM
Attorney for Plaintiff
Office and P.O. Address
71-18 Main Street
Flushing, NY 11367
(718) 544-4100

-------------------------------------------------------------------


-------------------------------------------------------------------